Not for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD GAMBRELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-522-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES GOVERNMENT and | ) | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

James Edward Gambrell ("Gambrell"), a prisoner incarcerated at the Federal Correctional Institution-Manchester in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 2]  The matter is before the Court for screening.  28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Gambrell is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

1

I.  BACKGROUND

On November 7, 1996, Gambrell was indicted in the Central District of Illinois for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). He pled guilty to the offense on July 23, 1998, in exchange for the United States' agreement to forego charging him with failure to appear in violation of 18 U.S.C. §3146(a) and to recommend sentencing at the low end of the applicable guideline range. However, because Gambrell possessed a sawed-off shotgun, meaning one with a barrel of less than 18 inches in length as described in 26 U.S.C. §5845(a)(1), his sentence was increased by two offense levels pursuant to United States Sentencing Guideline ("USSG") 2K2.1(a)(3).

In addition, because Gambrell had been convicted on three prior occasions of violent felonies, the Armed Career Criminal Penalty Act ("ACCPA"), 18 U.S.C. §924(e), required that his sentencing range be increased from 0 to 10 years to 15 years to life under USSG 4B1.4. On October 29, 1998, the Court sentenced Gambrell to serve a term of incarceration of 19 years and 7 months. The United States Court of Appeals for the Seventh Circuit affirmed Gambrell's conviction and sentence on direct appeal, and the Supreme Court denied his petition for a writ of certiorari. *United States v. Gambrell*, 96-CR-20056, Central District of Illinois.

Gambrell then filed a motion to vacate his conviction and sentence under 28 U.S.C. §2255 in 2001, alleging ineffective assistance of trial counsel. His motion was denied as untimely and meritless. His subsequent request for certificate of appealability was denied by the sentencing court and by the Seventh Circuit. The Supreme Court again denied his petition for a writ of certiorari.

On April 2, 2004, Gambrell filed a petition for habeas corpus pursuant to 28 U.S.C. §2241 in this Court, challenging his conviction under the ACCPA and his sentencing enhancements on a variety of grounds, including the sufficiency of the indictments. In a Memorandum Opinion and Order dated September 16, 2004, the Court denied this petition, holding that Gambrell had not shown that his remedy under section 2255 was "inadequate or ineffective" as required to permit him to seek relief under section 2241, and that his claims were meritless. The Sixth Circuit affirmed on the former ground on June 15, 2005. *Gambrell v. Booker*, No. 04-152, Eastern District of Kentucky [Record Nos. 1, 7, 15 therein].

In his present petition, Gambrell asserts that his conviction and sentence are invalid because:

1. the grand jury indictment did not refer specifically to 18 U.S.C. §922(a)(3);

2. the failure to refer to section 922(a)(3) in the indictment rendered the requirement of a nexus to interstate commerce under section 922(g) unsatisfied;

3. a nexus to interstate commerce was not alleged in the indictment, thus the indictment failed to charge a violation of section 922(g);

4. the grand jury indictment did not refer specifically to 18 U.S.C. §924(e)(1);

5. the failure to refer to section 924(e)(1) in the indictment precluded the court from sentencing him in accordance with that provision;

6. a prior violent felony was not alleged in the indictment; therefore, the indictment failed to charge a violation of section 924(e)(1);

7. the indictment did not allege a violation of section 924(e)(1), thus the applicable Guideline was section 2K2.1;

8. the grand jury indictment did not refer specifically to 26 U.S.C. §5845(a)(1);

9. the failure to refer to section 5845(a)(1) in the indictment precluded the court from sentencing him in accordance with that provision; and

3

10. the indictment did not allege a violation of section 5845(a)(1), thus the applicable guideline was section 2K2.1.

Gambrell's arguments in his present habeas petition thus appear to substantially mirror those asserted in his prior habeas petition.

## II. DISCUSSION

Gambrell's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). It is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of section 2255 expressly permits a prisoner to seek habeas corpus relief under section 2241 if his remedy under section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. While Gambrell does not expressly assert that his section 2255 remedy is inadequate or ineffective to accomplish this, the Court liberally construes his petition, *Urbina*, 270 F.3d at 295, to invoke section 2255's savings clause.

Before Gambrell's claims may be considered on the merits under section 2241, the Court must determine whether his remedy under section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999), it is a narrow remedy available only to the rare

habeas petitioner who can demonstrate that his section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in

5

order to obtain the benefit of the savings clause."). In other words, a petitioner may only use section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Gambrell's claims, that the indictments failed to sufficiently identify the elements of the offense of which he was convicted, are not claims of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. These claims are merely claims of technical or procedural error that could and should have been raised on direct appeal, and are thus not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner James Gambrell's petition for a writ of habeas corpus is **DENIED**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 30th day of November, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge